**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 13 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

LUIS RIVERA PADILLA,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 22-495

Agency No.
A041-810-313

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2024[**]
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Luis Rivera Padilla, a native and citizen of Guatemala, petitions for review

of a decision by the Board of Immigration Appeals ("the Board") affirming the

immigration judge's ("IJ") order denying his application for withholding of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the Board's factual findings for substantial evidence and its legal conclusions de novo, *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.      Mr. Padilla challenges the Board's denial of his application for withholding of removal. Withholding of removal requires Mr. Padilla to demonstrate that if he were deported, his "life or freedom would be threatened" due to "race, religion, nationality, membership in a particular social group, or political opinion." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting 8 U.S.C. § 1231(b)(3)). Mr. Padilla may establish eligibility for withholding of removal "(A) by establishing a presumption of fear of future persecution based on past persecution, or (B) through an independent showing of clear probability of future persecution." *Id*.

Mr. Padilla testified that he witnessed two assailants—whom he believed to be local police officers—murder his uncle. He feared that the assailants would seek to harm him upon return to Guatemala because he witnessed the crime, and he claimed membership in two particular social groups: "(1) Guatemalan males who were witness to a heinous crime by government officials; and (2) Guatemalan males returning from the United States of America, after a removal order, who are perceived as foreigners with wealth." The Board held that neither of his proposed

social groups were legally cognizable. Therefore, the burden remained on him to demonstrate a "clear probability" of future persecution. *See Tamang*, 598 F.3d at 1091.

Even assuming that "witnesses to a heinous crime by government officials" is a legally cognizable social group, Mr. Padilla did not demonstrate "that any persecution was or will be on account of his membership in such group." *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (citation omitted). Rather, his fear of harm is speculative and reflects a generalized fear of violence in Guatemala, which is insufficient to demonstrate eligibility for withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [immigrant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). And his alternative particular social group—Guatemalan males returning from the United States who are perceived as wealthy—is legally incognizable. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (holding that "returning [immigrants] from the United States[] . . . is too broad to qualify as a cognizable social group" (citation omitted)); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (rejecting petitioner's particular social group of "imputed wealthy Americans"). Thus, the Board did not err in denying Mr. Padilla's application for withholding of removal.

2.     Mr. Padilla also challenges the Board's denial of his application for CAT relief.  To be eligible for CAT protection, Mr. Padilla must establish that "it is more likely than not that he would be tortured if removed."  8 C.F.R. § 208.16(c)(2); *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).  The Board rejected Mr. Padilla's CAT application because his fear of torture was speculative and based on one isolated incident that occurred decades ago.  Further, the record evidence of general violence, crime, and corruption in Guatemala did not sufficiently establish that Mr. Padilla is personally at risk of torture.  Substantial evidence supports this conclusion: Mr. Padilla offers no evidence of past torture in Guatemala, and generalized evidence of violence and crime does not satisfy the CAT relief standard.  *See Delgado-Ortiz*, 600 F.3d at 1152.  Nor does Mr. Padilla introduce evidence that the government, or any entity with the acquiescence of the government, would torture him upon return to Guatemala.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (denying petition because the record "contain[ed] no evidence whatsoever that [petitioner] is likely to be *tortured*, rather than persecuted, by government officials or with their acquiescence on return to [petitioner's country]").  Thus, the Board did not err in denying Mr. Padilla's CAT application.

**PETITION DENIED.**

4                                                                 22-495